CONSUMERS WATER, INC., Appellant,

v.

PUBLIC UTILITY COMMISSION OF TEXAS, Appellee.

No. 14509.

Court of Appeals of Texas, Austin.

Feb. 5, 1986.

Rehearing Denied April 2, 1986.

Robert L. Burns, Sears & Burns, Houston, for appellant.

Jim Mattox, Atty. Gen., Stephen J. Davis, Asst. Atty. Gen., Austin, for appellee.

Before SHANNON, C.J., and GAMMAGE and CARROLL, JJ.

GAMMAGE, Justice.

Consumers Water, Inc. filed an administrative appeal in the district court of Travis County from an order of the Public Utility Commission in Docket No. 4764. Because the district court was without jurisdiction to review the final order of the Commission, this Court will set aside the district court judgment and dismiss the administrative appeal.

The Commission's order granted a rate increase for water and sewer utility services provided by Consumers in Harris and Montgomery Counties, and directed the company to make improvements in its utility system and to implement improved accounting procedures. The rates awarded were lower than those requested by Consumers, and the Commission further ordered that Consumers refund to its customers the difference between previously allowed interim rates and the rates as finally approved. The district court affirmed the Commission's order in all respects, and Consumers appealed.

By cross-point of error, the Commission contends that the trial court erred in denying its plea to the jurisdiction. The facts underlying the Commission's argument are undisputed. On June 1, 1983, the Commission issued an order adopting the rate increase recommended by its hearings examiner. Consumers filed a timely motion for rehearing to this order on June 16, 1983. Before the Commission acted on this motion, Consumers filed a petition in the district court seeking judicial review of the June 1 order. On July 15, 1983, the Commission issued its order in response to the motion for rehearing which amended one paragraph in the original order. Consumers did not file a motion for rehearing after the Commission issued its order of July 15, 1983. On July 25, 1983, Consumers filed another petition in the district court seeking judicial review of the Commission's order of July 15, 1983. The two causes were later consolidated by an agreed order.

Section 16 of the Administrative Procedure and Texas Register Act, Tex.Rev.Civ. Stat.Ann. art. 6252-13a (Supp.1986) (APTRA), relates to a final decision or order in a contested case. It provides in pertinent part:

(c) A decision is final, in the absence of a timely motion for rehearing, on the expiration of the period for filing a motion for rehearing, and is final *and appealable* on the date of rendition of the order overruling the motion for rehearing, or on the date the motion is overruled by operation of law.... If an agency finds that an imminent peril to the public health, safety, or welfare requires immediate effect of a final decision or order in a contested case, *it shall recite the finding in the decision or order* as well as the fact that the decision or order is final and effective on the date rendered, in

which event the decision or order is final and appealable on the date rendered and no motion for rehearing is required as a prerequisite for appeal.

. . . . .

(e) Except as provided in Subsection (c) of this section, a motion for rehearing is a prerequisite for appeal. A motion for rehearing must be filed within 15 days after the date of rendition of the final decision or order.... [A]gency action on the motion must be taken within 45 days after the date of rendition of the final decision or order. If agency action is not taken within the 45-day period, the motion for rehearing is overruled by operation of law 45 days after the date of rendition of the final decision or order....

APTRA, § 16 (emphasis added). A motion for rehearing is a jurisdictional prerequisite for an administrative appeal. *Vandergriff v. First Federal Savings & Loan Association,* 586 S.W.2d 841, 842 (Tex.1979).

Section 19 of APTRA governs judicial review of contested cases. Subsection 19(b) provides that "[p]roceedings for review are instituted by filing a petition within 30 days after the decision complained of is final and appealable." Subsection 19(a) states that judicial review is available only to "[a] person who had exhausted all administrative remedies." Until the motion for rehearing is acted upon by the agency or is overruled by operation of law, there is no final order for the district court to review. "The requirement of having a motion for rehearing overruled, thus exhausting administrative remedies, is a jurisdictional prerequisite to judicial review by the district court ..." *Lindsay v. Sterling,* 690 S.W.2d 560, 563 (Tex.1985).

When a motion for rehearing is granted, the underlying agency order is not final and appealable. *Railroad Commission v. Brazos River Gas Co.,* 594 S.W.2d 216, 218 (Tex.Civ.App.1980, writ ref'd n.r.e.). When a subsequent order is entered, a motion for rehearing must be filed as a jurisdictional prerequisite to an appeal from such order. *Southern Union Gas Co. v. Railroad Commission,* 690 S.W.2d 946, 948 (Tex. App.1985, writ ref'd n.r.e.); *Railroad Commission of Texas v. Exxon Corp.,* 640 S.W.2d 343, 346 (Tex.App.1982, writ ref'd n.r.e.); *Mahon v. Vandygriff,* 578 S.W.2d 144 (Tex.Civ.App.1979, writ ref'd n.r.e.).

The Commission's June 1, 1983 order was never final and appealable because Consumers' motion for rehearing was granted within the 45-day period prescribed by Section 16 of APTRA. The district court was therefore without jurisdiction to entertain the first petition filed by Consumers. Consumers' failure to file a motion for rehearing to the Commission's July 15, 1983 order caused that order to become final and nonappealable 15 days after it was entered. APTRA, § 16(c), (e). Thus, the district court was similarly without jurisdiction to adjudicate the second petition filed by Consumers.

Consumers attempts to distinguish previous cases requiring a motion for rehearing after an agency enters a subsequent order because in those cases the subsequent order modified the earlier agency decision, but in the instant cause "there was no change in the original order." In its motion for rehearing Consumers contended that the June 1, 1983 order could not be deemed final on the date of rendition as it stated because it contained no finding that an "imminent peril to the public health, safety, or welfare" existed as is required by APTRA § 16(c). In response, the Commission *granted* the motion with respect to that point, and amended the wording of paragraph 3 of the order to state that the order "shall be deemed final in accordance with § 16(c)" of APTRA. Consumers contends that this amendment changed the wording of the order, but not its meaning.

The original order purported to be "deemed final upon the date of rendition," *i.e.,* on June 1, 1983. By entering its subsequent order on July 15, 1983, the Commission changed the date the order was deemed final. The July 15 order recited no finding by the agency of an "imminent peril to the public health, safety or welfare" which would require immediate ef-

fect. APTRA, § 16(c). It was therefore not final and appealable on the date rendered, and a motion for rehearing was required. *Id.* Consumers' failure to file a subsequent motion for rehearing meant the order was deemed final upon "the expiration of the filing period for a motion for rehearing," *i.e.*, 15 days after the subsequent order was entered. APTRA, § 16(c), (e). The extent to which the subsequent order altered the original does not affect the requirement of a subsequent motion for rehearing. This Court has already considered and rejected the argument "that makes finality and appealability of an agency order turn upon whether changes effected in the order in response to a motion for rehearing are of a substantial or of a minor character." *Southern Union Gas Co. v. Railroad Commission, supra.*

The district court was without jurisdiction to review the agency order, and it was error to deny the Commission's plea to the jurisdiction. Accordingly, the judgment of the district court is set aside and the administrative appeal is dismissed. The Commission's cross-point is granted. In light of our disposition of this point we do not reach the other contentions raised by the parties.