**EL PASO ELECTRIC COMPANY, Appellant,**

v.

**PUBLIC UTILITY COMMISSION OF TEXAS, et al., Appellees.**

No. 14524.

Court of Appeals of Texas, Austin.

July 16, 1986.

Rehearing Denied Sept. 24, 1986.

Barry Bishop, Clark, Thomas, Winters & Newton, Austin, Michael D. McQueen, Kemp, Smith, Duncan & Hammond, El Paso, for appellant.

Jim Mattox, Atty. Gen., Stephen J. Davis, Asst. Atty. Gen., Austin, for Public Utility Com'n of Texas.

Norman J. Gordon, Diamond, Rash, Leslie & Smith, El Paso, for City of El Paso.

Before POWERS, BRADY and CARROLL, JJ.

CARROLL, Justice.

El Paso Electric Company filed an administrative appeal in the district court of Travis County from an order of the Public Utility Commission. The district court sustained the Commission's plea to the jurisdiction and rendered judgment dismissing

the administrative appeal. We will reverse the judgment of the district court.

## THE FACTS

The basic facts underlying the Commission's plea to the jurisdiction are undisputed. The Commission issued a final order in the rate proceeding on October 26, 1985. El Paso Electric timely filed a motion for rehearing as required by Tex.Rev.Civ. State.Ann. art. 6252–13a, § 16 (Supp.1986) ("APTRA"). At a hearing on November 20, the Commission considered El Paso Electric's motion for rehearing, along with motions for rehearing filed by other parties to the rate proceeding. At the conclusion of the hearing, Chairman Ricketts announced that the motions for rehearing were granted in part and otherwise denied, in accordance with the recommendations of Commissioner Rosson.

On December 4, the utility filed a *second* motion for rehearing in response to the pronouncements of the Commission at the November 20 hearing. This motion was accompanied by a proposed order for the Commission to enter, expressly denying all relief sought in the second motion for rehearing. On December 7, the Commission issued a second order, substituting findings of fact apparently comporting with the pronouncements at the November 20 hearing. El Paso Electric did not file a motion for rehearing *after* issuance of the second order on December 7.

On December 21, the utility filed its first petition for judicial review of the Commission's order. This petition was filed in the district court of Travis County under cause number 372,858. Subsequently, on January 22, 1985, the utility filed a second petition for judicial review under cause number 374,183. Thereafter both causes were consolidated under cause number 372,858.

## THE CONTROVERSY

Before the district court, the Commission successfully argued that by failing to file a *third* motion for rehearing, El Paso Electric failed to satisfy the APTRA jurisdictional requirements for judicial review.

The pertinent provision in APTRA requires a party to file a motion for rehearing within 15 days after the date of rendition of a final decision or order "in writing or *stated in the record.*" APTRA, § 16(a), (e) (emphasis added). According to the Commission, this provision is mandatory and jurisdictional. Under this argument, El Paso Electric's second motion for rehearing filed on December 4 was not timely since it was filed *before* the December 7 order, and the district court therefore properly concluded that it was without jurisdiction to review the Commission's order.

In response, El Paso Electric maintains that an APTRA motion for rehearing is analogous to a motion for new trial in Texas civil practice. Under the Texas Rules of Civil Procedure, a *prematurely filed* motion for new trial is deemed filed *after* the judgment is signed. Tex.R.Civ.P. Ann. 306c (Supp.1986). El Paso Electric argues that the second motion for rehearing should be considered as *prematurely filed* and as such deemed filed on December 7 after the Commission's second order.

## CONTENTIONS OF THE PARTIES

The Commission principally relies on this Court's opinion in *Southern Union Gas Co. v. Railroad Com'n,* 690 S.W.2d 946 (Tex.App.1985, writ ref'd n.r.e.). In that case, the Railroad Commission issued a final order on February 28 and the gas company timely filed a motion for rehearing. On March 28, the Commission issued a subsequent order that granted the motion for the limited purpose of changing the effective date for implementing the new rates. The second order denied the gas company's motion "in all other respects." The gas company did not file a motion for rehearing in response to the March 28 order.

This Court concluded that the Railroad Commission's alteration of the February 28 order by the March 28 order foreclosed the characterization of the first order as final and appealable. Where an agency grants a motion for rehearing and enters a subse-

quent final order, "as a prerequisite to an appeal from such order, a motion for rehearing must be filed." *Southern Union Gas Co.*, 690 S.W.2d at 948.

More recently, this Court faced an almost identical problem in *Consumers Water, Inc. v. P.U.C.*, 707 S.W.2d 129 (Tex. App.1986, writ ref'd n.r.e.). In that case, the utility timely filed a motion for rehearing in response to the Commission's original order. The Commission issued a subsequent order amending one paragraph in its original order as requested by the utility in its motion for rehearing. The utility did *not* file a second motion for rehearing. We again concluded that when a motion for rehearing is granted, the underlying agency order is not final and appealable. When a subsequent order is entered, a second motion for rehearing must be filed as a jurisdictional prerequisite to an appeal from such order.

El Paso Electric argues that the instant appeal is distinguishable from *Southern Union Gas* and *Consumers Water*. Unlike the utilities in those two cases, El Paso Electric has filed *two* motions for rehearing. Although filed three days *before* the second Commission order, the second motion for rehearing addressed all issues raised in that order. Moreover, the second Commission order did not grant any relief requested in the second motion for rehearing.

## ANALYSIS AND CONCLUSIONS

■ The filing of two motions for rehearing in the instant appeal precludes the application of *Southern Union Gas* and *Consumers Water* to this cause. In both cases, the second order granted some relief requested by each utility's only motion for rehearing. This triggered the necessity of a second motion for rehearing addressed to the second order. *Southern Union Gas Co. v. Railroad Com'n, supra; see also Railroad Com'n v. Exxon Corp.*, 640 S.W.2d 343 (Tex.App.1982, writ ref'd n.r.e.).

In this appeal, the Commission granted some relief requested by El Paso Electric's *first* motion for rehearing. On the other hand, we have been unable to find that the Commission granted any relief requested in the second motion for rehearing. Thus, unlike the situations in *Southern Union Gas* and *Consumers Water*, we find a second Commission order, which for purposes of argument we will assume is final, and a second motion for rehearing that addresses the relief granted in the second order. The sole problem is that the motion for rehearing was filed three days *before* the order was issued.

The dilemma faced by El Paso Electric can be traced to statements by the Commission during the November 20 hearing on El Paso Electric's first motion for rehearing. During that hearing, Commissioner Rosson recommended detailed changes to be made in the Commission's October 26 order. These changes concerned, among other things, the methodology to be used in setting rates and identifying those customers sharing in a base revenue decrease. After these recommendations were made, the other members of the Commission concurred and Chairman Ricketts concluded the hearing with the following statement *on the record:* "The motions for rehearing are granted as set forth by Commissioner Rosson."

Fourteen days passed after the November 20 hearing without a written order being issued by the Commission. Concluding that Chairman Ricketts' statement might be treated as a final order under APTRA § 16, which allows an *oral* final order if stated on the record, El Paso Electric filed its second motion for rehearing. Quite reasonably, the utility feared that the failure to file a motion for rehearing within 15 days after the November 20 hearing might result in the dismissal of a later suit for judicial review.

On December 7, the Commission filed an order recapping its pronouncements at the November 20 hearing. The order substituted findings of fact supporting the Commission's position that a methodology developed in an earlier docket would be used in the present proceeding. To that end, the Commission also entered findings that

there was insufficient proof to support the methodologies proposed by other parties to the rate proceeding. The December 7 order does not address any issues raised in El Paso Electric's December 4 motion for rehearing and further states that any "issues raised in the motions for rehearing not specifically addressed" in the order were denied.

In response to the utility's contentions, the Commission points to the PURA requirement that all orders of the Commission are to be in writing. Tex.Rev.Civ. State.Ann. art. 1446c, § 13 (Supp.1986). Under this argument, there was no final order until the Commission's pronouncements at the November 20 hearing were reduced to writing. Thus, the Commission maintains that El Paso Electric needlessly concerned itself with any jurisdictional problems that may have arisen if it had not filed a motion for rehearing within 15 days of the November 20 hearing.

The Commission's position offers little comfort to litigants faced with jurisdictional deadlines under APTRA § 16 which specifically provides that a final order may be in writing or stated in the record. More importantly, the fact that the November 20 pronouncements did not constitute a final order does not bear upon our treatment of the December 4 motion as *prematurely filed.* Indeed, if we had concluded that the November 20 pronouncements constituted a final order under APTRA § 16, the December 4 motion would have been treated as timely and not as prematurely filed.

After examining the record of the November 20 hearing, and the December 7 order, we have concluded that the order memorializes the Commission's pronouncements at the November 20 hearing. Moreover, we have been unable to find and have not been directed to any relief requested in the December 4 motion that was granted in the December 7 order. In other words, if the December 4 motion had been filed after the December 7 order, we find no real dispute that the Commission would have been sufficiently apprised of all claimed error and would have been allowed the opportunity to correct or prepare to defend the order. *See Suburban Util. Corp. v. P.U.C.,* 652 S.W.2d 358 (Tex.1983).

In summary, we have determined that *Southern Union Gas* and *Consumers Water* are not applicable to the instant appeal because El Paso Electric's second motion for rehearing addressed the Commission's December 7 order in all respects. Having made this determination, we turn to El Paso Electric's contention that its *prematurely filed* motion for rehearing should be treated as analogous to a motion for new trial in the civil practice and deemed filed on December 7.

An APTRA § 16 motion for rehearing has been found to be analogous to a motion for new trial in civil practice. *See United Sav. Ass'n of Texas v. Vandygriff,* 594 S.W.2d 163 (Tex.Civ.App.1980, writ ref'd n.r.e.); *Houston Mobilfone, Inc. v. P.U.C.,* 565 S.W.2d 323 (Tex.Civ.App.1978, no writ). Both of these opinions preliminarily rely upon a basic statutory construction principle: in enacting statutes, the Legislature is presumed to have taken notice of court decisions construing earlier analogous statutes, and such judicial construction must therefore be read into the subsequent statute. *Humble Pipeline Co. v. State,* 2 S.W.2d 1018 (Tex.Civ.App.1928, writ ref'd); *Walker v. Thetford,* 418 S.W.2d 276 (Tex. Civ.App.1967, writ ref'd n.r.e.).

*United Sav. Ass'n of Texas v. Vandygriff, supra,* examined the *specificity* necessary for assigning error in an APTRA § 16 motion for rehearing. The court found that the Legislature, in providing for a mandatory motion for rehearing in administrative proceedings, grounded its intent on the provisions of the rules of civil procedure dealing with motions for new trial. The court reviewed the rules to determine the specificity required to assign error in a motion for rehearing, and concluded that although technical specificity is not required, "the agency should not be put in a position of having to guess what error is alleged." *Vandygriff,* 594 S.W.2d at 170.

In *Houston Mobilfone, Inc. v. P.U.C.*, *supra*, the court observed that the language in APTRA § 16(e) was similar to Tex.R.Civ.P. 329b. Section 16(e) provides that if an agency does not act on a motion for rehearing, the motion is overruled by operation of law 45 days after the date of rendition of the final order. Under Rule 329b, a motion for new trial is overruled by operation of law if it has not been acted upon within 45 days. If overruled by operation of law, a subsequent order purporting to overrule the motion for new trial is a nullity. *Missouri-Kansas-Texas Railroad v. Chesher*, 354 S.W.2d 645 (Tex.Civ.App. 1962, writ ref'd n.r.e.). The *Houston Mobilfone* court looked to this rule and concluded that because the appellant's motion for rehearing was overruled by operation of law, a Commission order filed after the 45–day period was a nullity and without effect.

Relying on the reasoning in *Vandygriff* and *Houston Mobilfone*, we are persuaded that it is appropriate and reasonable to turn to the rules and case law of civil practice to consider the effect of a prematurely filed motion for rehearing. Rule 306c of the Tex.R.Civ.P.Ann. (1985) provides that "[n]o motion for new trial ... shall be held ineffective because prematurely filed; but every such motion shall be deemed to have been filed on the date of but subsequent to the date of signing of the judgment the motion assails...." The effect of the rule is plain: When a motion for new trial is filed *before* the judgment is signed, the motion is regarded as filed on the date the judgment was signed. *Magnolia Petroleum Co. v. Klingeman*, 242 S.W.2d 950 (Tex.Civ.App.1951, writ ref'd).

Under the specific facts and circumstances of the instant appeal, we conclude that El Paso Electric's prematurely filed second motion for rehearing should be deemed filed on the date of the Commission's December 7 order. In reaching this conclusion, we are primarily guided by three factors. First, it is clear that the Legislature borrowed from the Texas Rules of Civil Procedure when it established a mandatory motion for rehearing in APTRA.

Next, it is equally clear that Texas courts have looked to civil practice rules and case law relating to motions for new trial in attempting to resolve procedural issues not covered by APTRA, involving motions for rehearing. Finally, this appeal does not involve an attack on a final order without a motion for rehearing addressing the agency's claimed error. Rather, the December 4 motion satisfies the essential purpose of a § 16(e) motion for rehearing: to completely apprise the agency of the error claimed and to allow the agency opportunity to correct the error or defend it. *See Suburban Util. Corp. v. P.U.C., supra.*

El Paso Electric filed its first petition for judicial review on December 20, 1984, thirteen days after the December 7 order. Since we have concluded that the prematurely filed December 4 motion for rehearing should be deemed filed as of December 7, the December 21 petition was filed before the second motion for rehearing was overruled, either by Commission order or by operation of law under § 16 of APTRA. Until an agency acts upon a motion for rehearing or it is overruled by operation of law, there is no final order for the district court to review. *Consumers Water, Inc. v. P.U.C., supra.* "The requirement of having a motion for rehearing overruled, thus exhausting administrative remedies is a jurisdictional prerequisite to judicial review by the district court and cannot be waived by action of the parties." *Lindsay v. Sterling*, 690 S.W.2d 560, 563 (Tex.1985). Under the *Lindsay* case, the December 21 petition failed to invoke the jurisdiction of the district court to review the Commission's December 7 order. However, El Paso Electric filed a second petition for judicial review on January 22, 1985. This second petition was filed after the utility's second motion for rehearing, which we have deemed to have been filed as of December 7, 1984, was overruled by operation of law. Accordingly, El Paso Electric has exhausted its administrative remedies, thereby satisfying its jurisdictional prerequisite for judicial review. We therefore

reverse the judgment of dismissal and remand this cause to the district court.