Ima Lee ROSS, Appellant,

v.

TEXAS CATASTROPHE PROPERTY INSURANCE ASSOCIATION, et al., Appellees.

No. 3–88–247–CV.

Court of Appeals of Texas, Austin.

May 10, 1989.

Rehearing Denied June 14, 1989.

S. Mitchell Howie, Galveston, for appellant.

Jim Mattox, Atty. Gen., Sedora Jefferson, Asst. Atty. Gen., Austin, for State Bd. of Ins.

Ted Mishtal, Clark, Thomas, Winters & Newton, Austin, for Texas Catastrophe Property Ins. Assn.

Before POWERS, GAMMAGE and JONES, JJ.

JONES, Justice.

Ima Lee Ross appeals from the trial court's order dismissing her cause for want of jurisdiction. Originally, Ross pursued her rights before the State Board of Insurance (the Board) under an insurance policy issued by the Texas Catastrophe Property Insurance Association (TCPIA). Upon an unfavorable decision, Ross filed suit in the district court of Travis County for judicial review of the final order issued by the Board. Both TCPIA and the Board filed pleas to the jurisdiction asserting that Ross failed to file a timely motion for rehearing with the Board. The district court sustained the pleas to the jurisdiction and rendered judgment dismissing the appeal. We will affirm.

The question decided by the trial court and presented on appeal to this Court is whether Ross satisfied section 16(e) of the Administrative Procedure and Texas Register Act (APTRA), which states that "a motion for rehearing is a prerequisite to an appeal. A motion for rehearing must be filed within 15 days after the date of rendition of a final decision or order." Tex.Rev. Civ.Stat.Ann. art. 6252–13a (Supp.1989). "The legislature could hardly express more positively its intention that the filing of a motion for rehearing is required in order to perfect an administrative appeal to district court." *Mahon v. Vandygriff*, 578 S.W.2d 144, 147 (Tex.Civ.App.1979, writ ref'd n.r. e.).

The following dates are essential to the disposition of this appeal:

(1) September 15–17, 1986—The Board heard Ross's claim against TCPIA.

(2) March 11, 1987—The Board's hearing examiner issued a proposal for decision.

(3) March 24, 1987—Ross filed an instrument styled "Special Exceptions to Proposed Order and Motion for Rehearing."

(4) June 9, 1987—The Board issued its final order.

(5) June 26, 1987—Ross filed a "Supplemental Motion for Rehearing."

■ Ross argues that she complied with section 16(e) when she filed her "special exceptions and motion for rehearing" in response to the hearing examiner's proposal for decision. The trial court, in its conclusions of law, found that Ross did not comply with section 16(e) because Ross filed her "special exceptions to proposed order and motion for rehearing" before the Board had issued its decision; complained of no error by the Board; assigned errors only on the part of the hearing examiner; prayed that the hearing examiner's proposed order be set aside; and requested that, before making a decision, the Board conduct a rehearing of the evidence. We agree with the trial court's reasoning.

■ Ross filed her special exceptions and motion for rehearing in response to the hearing examiner's proposal for decision. A hearing examiner has no power to bind an agency with a proposal for decision. "Proposal for decision" connotes a tentative and preliminary decision which lacks finality. *See Sabine River Authority of Texas v. McNatt*, 161 Tex. 551, 342 S.W.2d 741, 744 (1961). In accord with this definition, APTRA § 15 provides that a proposal for decision may be amended pursuant to exceptions, replies, or briefs submitted by a party which would be adversely affected by the proposed decision.

■ A motion for rehearing, necessary to perfect an appeal from an order of an administrative agency, must be filed *in response to a final and appealable administrative order.* APTRA § 19(a); *see Southern Union Gas Co. v. Railroad Commission*, 690 S.W.2d 946, 947 (Tex. App.1985, writ ref'd n.r.e.). The purpose

of section 16(e) is to allow an agency an opportunity to correct its own errors. *United Savings Assoc. of Texas v. Vandygriff*, 594 S.W.2d 163, 170 (Tex.Civ.App. 1980, writ ref'd n.r.e.). "A final order means an order which leaves nothing open to dispute. So long as matters remain open, unfinished or inconclusive, there is no final order." *Southern Union*, 690 S.W.2d at 948; *see also Mahon*, 578 S.W.2d at 147. Thus, Ross did not comply with APTRA § 16(e) and therefore did not perfect her appeal.

Notwithstanding that she failed to file her motion for rehearing in response to a final agency order, Ross argues that this Court should treat her prematurely filed motion for rehearing like a prematurely filed motion for new trial in district court and should deem her motion for rehearing filed as of the date the agency issued its final order. *See* Tex.R.Civ.P.Ann. 306c (Supp.1989); Tex.R.App.P.Ann. 41(c) (Pamph.1989).

Ross principally relies on this Court's opinion in *El Paso Electric Co. v. Public Utility Commission of Texas*, 715 S.W.2d 734 (Tex.App.1986, writ ref'd n.r.e.). In that case, the Commission issued a final order in the rate proceeding on October 26, 1985, and El Paso Electric timely filed a motion for rehearing. At a hearing on November 20, the Commission considered El Paso Electric's motion for rehearing and, at the conclusion of the hearing, announced *on the record* that the motion for rehearing was granted in part and otherwise denied. Section 16(a) provides that a final decision or order must be "in writing or stated in the record." On December 4, El Paso Electric filed a second motion for rehearing in response to the Commission's oral pronouncements at the November 20 hearing. On December 7, the Commission issued a second written order. El Paso Electric did not file a motion for rehearing after issuance of the December 7 order. The Commission argued that, by failing to file a third motion for rehearing, El Paso Electric failed to satisfy the APTRA jurisdictional requirements for judicial review.

This Court concluded (1) that El Paso Electric's second motion for rehearing addressed the Commission's December 7 order in all respects; and (2) that El Paso Electric's prematurely filed, second motion for rehearing should be treated as analogous to a motion for new trial in the civil practice and deemed filed on December 7. *El Paso Electric*, 715 S.W.2d at 738.

*El Paso Electric* and the instant appeal are distinguishable. Unlike *El Paso Electric*, in the present case Ross has not filed a motion for rehearing complaining of the Board's order. Rather, Ross's "special exceptions and motion for rehearing" complain of the hearing examiner's findings and proposed order. In *El Paso Electric*, on the other hand, this Court addressed El Paso Electric's contention that its prematurely filed motion for rehearing should be treated as analogous to a motion for new trial *only after* this Court had determined that El Paso Electric's second motion for rehearing *complained of the Commission's December 7 order. El Paso Electric*, 715 S.W.2d at 737. Finally, this Court clearly limited its holding to the specific facts and circumstances of that case.

Both *Leisure Services, Inc. v. Texas Catastrophe Property Insurance Assoc.*, 712 S.W.2d 266 (Tex.App.1986, writ ref'd n.r.e.) and *Southern Union Gas Co. v. Railroad Commission*, 690 S.W.2d 946 (Tex.App. 1985, writ ref'd n.r.e.), support our conclusion. Although neither case discusses a prematurely filed motion for rehearing, both reiterate the necessity of filing a motion for rehearing in response to an *agency's final order*. In *Leisure Services*, the State Board of Insurance signed its final order on May 29, 1984. Leisure filed its administrative appeal in district court on June 26. On August 24, Leisure tendered its motion for rehearing to the Board. This Court held:

> In order to appeal the Board's order, Leisure must have filed its motion for rehearing with the Board within fifteen days *after rendition of the Board's final order.*

712 S.W.2d at 267 (emphasis added).

In *Southern Union*, the Commission signed its order on February 28, 1983.

**644**

Southern Union timely filed a motion for rehearing. In response, the Commission signed another order on March 28, granting Southern Union's motion for rehearing for a limited purpose and denying the motion in all other respects. Southern Union did not file a second motion for rehearing. Southern Union then filed its appeal predicated upon its motion for rehearing in response to the February 28 order. This Court concluded that (1) to have perfected an administrative appeal to the district court, Southern Union should have filed a motion for rehearing within fifteen days after *rendition of the agency's final order;* (2) to obtain judicial review of an administrative order, the order must be final and appealable, and the February 28 order was not final and appealable because it was modified by the March 28 order; and (3) to draw a distinction between an agency order which is changed substantially in response to a motion for rehearing and one which is changed only in a minor fashion in response to such motion is not the law of this state.

For the reasons discussed, we hold that Ross failed to satisfy the requirements of APTRA § 16(e) when she filed a motion for rehearing in response to the hearing examiner's proposal for decision instead of the Board's final order.

■ Ross also contends that she filed her "supplemental motion for rehearing" within fifteen days of the Board's final order. The Board issued its final decision on June 9, 1987. Ross filed her supplemental motion on June 26, 1987, more than fifteen days after the date of the agency's final order. Ross's motion was untimely according to APTRA § 16(e). Ross does not raise any question about her proper notification of the order. Rather, Ross argues for the first time on appeal that because the agency *filed* its final order on June 11, 1987, her supplemental motion was timely when filed fifteen days later on June 26. Section 16(e) states: "A motion for rehearing must be filed within 15 days after the date of *rendition* of a final decision or order." (Emphasis added.) Section 16(e) does not say that a motion for rehear-

ing must be filed within fifteen days after the date the agency *files* its final order. *Rendition* of the Board's final order occurred on June 9, the date the order was issued. Therefore, Ross's argument is unpersuasive.

Finally, Ross argues that the district court has jurisdiction of this administrative appeal on the basis of equity. Ross, however, offers no authority in support of her proposition. Furthermore, "[b]ecause the Legislature has prescribed the method for review of administrative action, that method must be followed to invoke the trial court's jurisdiction." *Texas Catastrophe Property Insurance Assoc. v. Council, Saida II,* 706 S.W.2d 644, 646 (Tex.1986). The trial court derives its jurisdiction of such a suit from legislative enactments, not from equity.

For the reasons stated, we overrule Ross's points of error and affirm the judgment of the trial court.