David GONZALEZ, Appellant,

v.

TEXAS EDUCATION AGENCY, Appellee.

No. 3–92–440–CV.

Court of Appeals of Texas, Austin.

Aug. 17, 1994.

Arcie Izquierdo Jordan, Austin, for appellant.

Dan Morales, Atty. Gen., Stuart W. Bowen, Jr., Asst. Atty. Gen., Austin, for appellee.

Before POWERS, ABOUSSIE and JONES, JJ.

PER CURIAM.

This is a suit for judicial review of a decision of the commissioner of education. Appellant David Gonzalez was discharged from his employment as a teacher with the Calhoun County Independent School District. Gonzalez appealed the action of the board of trustees by filing a notice of appeal with the commissioner of education. *See* Act of May 20, 1971, 62d Leg., R.S., ch. 405, sec. 2, § 13.115(a), 1971 Tex.Gen.Laws 1449, 1478 (Tex.Educ.Code Ann. § 13.115(a), since amended). Gonzalez did not file a petition for review within forty-five days after he received notice of the board of trustees' action, but later filed a motion for the commissioner to receive a late petition for review. *See* 13 Tex.Reg. 5969, 5970 (1988) (former 19 Tex.Admin.Code § 157.9(a), since repealed and recodified at 19 Tex.Admin.Code § 157.1051(a) (1994)) ("Except where otherwise provided by law, petitioner shall file with the commissioner a petition for review within 45 calendar days after the decision, order or ruling complained of is first communicated to petitioner"). The commissioner concluded that Gonzalez failed to file a timely petition for review and dismissed Gonzalez' administrative appeal for lack of jurisdiction.

Gonzalez filed a suit for judicial review in the district court of Travis County challenging the commissioner's decision.[1] *See* Tex. Educ.Code Ann. § 13.115(c) (West 1991). The district court affirmed the decision of appellee Texas Education Agency. Gonzalez appeals and urges five points of error. We will affirm.

■ Gonzalez' first point of error claims that the district court erred in failing to hold that the commissioner's decision was erroneous because the provision in former section 157.9(a) that allegedly requires Gonzalez to file a petition for review within forty-five days either (1) is inapplicable in an appeal to the commissioner under section 13.115(a) or (2) conflicts with section 13.115(a).[2] We cannot address the merits of his first point of error, however, as Gonzalez has waived it by not including it in his motion for rehearing before the commissioner.[3] *Burke v. Central Educ. Agency*, 725 S.W.2d 393, 395–97 (Tex. App.—Austin 1987, writ ref'd n.r.e.); *see* Administrative Procedure Act, Tex.Gov't Code Ann. § 2001.145 (West 1994).[4]

■ Gonzalez admits that he did not preserve his first point of error in his motion for rehearing, but instead argues that the "[district] court has jurisdiction to consider a complaint alleging that an agency has acted in excess of its statutory authority, although such complaint has not been preserved in a motion for a rehearing before the agency." *Railroad Comm'n v. Bishop Petroleum, Inc.*, 736 S.W.2d 724, 738 (Tex.App.—Waco 1987), *aff'd in part and rev'd in part on other grounds*, 751 S.W.2d 485 (Tex.1988) (citing *City of Sherman v. Public Util. Comm'n*, 643 S.W.2d 681, 683 (Tex.1983)). Although *Bish-*

---

1. Gonzalez actually sued the Texas Education Agency rather that the person who made the decision, Thomas E. Anderson, Jr., Interim Commissioner of Education.

2. Gonzalez argues that the introductory clause to former section 157.9(a), "Except where otherwise prohibited by law," was specifically included to exempt persons appealing under section 13.115(a) from complying with the additional requirement under former section 157.9(a) of filing a petition for review. *See* 13 Tex.Reg. 5969 (1988) ("Some commenters noted the discrepancy [between proposed section 157.9(a)] with Texas Education Code, § 13.115, requiring a notice of appeal to be filed within 15 days of the decision. An introductory clause was added stating that the rule controls except where provided by law."). As we will explain, we do not reach the questions of: (1) whether a person appealing under section 13.115(a) must also comply with the additional requirement under former section

157.9(a) of filing a petition for review in order to perfect the commissioner's jurisdiction over the appeal; or (2) whether former section 157.9(a) exempts a person appealing under section 13.115(a) from filing a petition for review for any purpose.

3. Gonzalez' motion for rehearing before the commissioner is straightforward: "[Gonzalez] presents one issue on rehearing. **The existence of just cause should be determined by an equitable analysis in ruling on a Motion to Receive Out of Time Appeal.**"

4. All citations in this opinion are to the current Administrative Procedure Act rather than the former Administrative Procedure and Texas Register Act, because the recent codification did not substantively change the law. Act of May 4, 1993, 73d Leg., R.S., ch. 268, § 47, 1993 Tex. Gen.Laws 583, 986.

*op Petroleum*'s broad statement of an exception to the doctrine of exhaustion of administration remedies may be correct in certain circumstances, Gonzalez's action is not such an instance. *See City of Sherman,* 643 S.W.2d at 683 ("As a general rule, judicial review of administrative orders is not available unless all administrative remedies have been pursued to the fullest extent."); APA § 2001.171 ("A person who has exhausted all administrative remedies available within a state agency and who is aggrieved by a final decision in a contested case is entitled to judicial review under this chapter.").

*City of Sherman* reaffirmed the following exception to the doctrine of exhaustion of administration remedies stated in *Westheimer Independent School District v. Brockette:*

> It follows, however, that intervention by the court in administrative proceedings may be permissible when an agency is exercising authority beyond its statutorily conferred powers. Specifically, it has been held that when there is an absence of jurisdiction in an administrative agency, then the doctrine of exhaustion of administrative remedies is not applicable.

*City of Sherman,* 643 S.W.2d at 683; *Brockette,* 567 S.W.2d 780, 785 (Tex.1978). Both *City of Sherman* and *Brockette* were suits originating in district court to prohibit a state agency from conducting an administrative-law action when the agency had no jurisdiction to hear the matter.

■ Gonzalez obviously agrees that the commissioner generally has jurisdiction over appeals of teacher discharges because it was Gonzalez who appealed to the commissioner. This, therefore, is not a case in which the agency is acting wholly outside its jurisdiction, but rather a· case in which Gonzalez seeks to prove the commissioner may have made an incorrect decision about the law. The *Brockette* exception cannot mean that a party complaining in district court of adverse agency action is relieved from filing a motion for rehearing before the agency because the agency has exceeded its statutory authority by acting wrongfully in some fashion. Were this the law, the exception would swallow the

rule because the legislature has never statutorily authorized state agencies to act inconsistent with the law. Gonzalez failed to preserve his first point of error by presenting it in a motion for rehearing before the commissioner and, thus, has waived it. Point of error one is overruled.

■ In points of error two and three, Gonzalez argues that the district court erred in failing to hold that the commissioner's decision was erroneous because the decision denied Gonzalez his right to counsel (point two) and denied him due process (point three). Gonzalez did not raise these points in his motion for rehearing before the commissioner, and the points have been waived. *Burke,* 725 S.W.2d at 395–97 (in motion for rehearing complaining party must set forth (1) particular action by agency that complaining party alleges was error and (2) legal basis on which claim of error rests). Points of error two and three are overruled.

In points of error four and five, Gonzalez claims that the district court erred in failing to hold that the commissioner's decision was erroneous because the decision was arbitrary, capricious, and an abuse of discretion because it failed to apply equitable principles (point four) and it failed to recognize that Gonzalez's inability to obtain counsel constituted good cause for his delay in filing his petition for review (point five). Gonzalez's argument in his brief under points four and five is intertwined with his argument under points of error two and three, which have not been preserved. Stripped of his right-to-counsel and due-process arguments, Gonzalez claims that equity demanded that the commissioner grant the motion for the commissioner to receive a late petition for review.[5]

■ The administrative record reveals, however, that the commissioner informed Gonzalez on July 6, 1989, that he needed to file a petition for review by July 31, 1989. Gonzalez filed his motion for the commissioner to receive a late petition for review on February 14, 1990, 198 days after the deadline. During that time Gonzalez never contacted the commissioner to explain that he

---

5. Because of our disposition of point of error one, we assume for the purposes of this appeal only that the filing of the petition for review was a jurisdictional prerequisite.

had no attorney to represent him or to request a pro se extension of time. Although we understand the difficulty a layperson faces in representing himself in an administrative-law proceeding, the commissioner's action in denying the motion to receive a late petition for review was not inequitable in light of Gonzalez's inaction. We overrule points of error four and five.

The judgment of the district court is affirmed.