TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-97-00276-CV






Michael Alex, Appellant



v.



Brownsville Independent School District, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 200th JUDICIAL DISTRICT


NO. 96-14853, HONORABLE F. SCOTT McCOWN, JUDGE PRESIDING 






 Appellant Michael Alex filed suit in district court seeking judicial review of a decision by
the State Commissioner of Education ("Commissioner") upholding the termination of Alex's employment
as a teacher in the Brownsville Independent School District ("BISD"). Upon motion by BISD asserting
that Alex had not filed a timely and proper motion for rehearing, the district court dismissed the case for
lack of jurisdiction. In one point of error, Alex contends on appeal that the motion he filed prior to the
issuance of the Commissioner's final decision on the termination case was a timely and adequate motion
for rehearing. In a cross-point, BISD asserts that because Alex filed a cost bond before the district court
rendered its final judgment, the cost bond was ineffective to perfect an appeal to this Court. We will affirm
the dismissal.


FACTUAL AND PROCEDURAL BACKGROUND

 Michael Alex was employed by BISD as a high school coach and physical education teacher from
1987 to 1995. His employment was terminated based on allegations that he had brought a sexually
inappropriate book to the school and shared it with students, as well as allegations that Alex attempted to
initiate a romantic relationship with a student. Alex appealed the termination decision to the Texas
Education Agency ("TEA") under section 13.115 of the Texas Education Code. See Tex. Educ. Code
Ann. § 13.115 (West 1991). (1) Alex was simultaneously involved in a separate contested case at TEA
involving TEA's efforts to revoke his teaching certificate for essentially the same conduct. The two cases
were assigned different docket numbers, and BISD was a party only to the case involving Alex's
termination. The following dates in 1996 are relevant:


(1) February 14-16, 19, and 21: A joint hearing on the merits for both cases was held.


(2) May 30: Commissioner released his Proposal for Final Decision on the termination of
Alex's employment.


(3) May 31: Commissioner released his Proposal for Final Decision on the revocation of
Alex's teaching certificate.


(4) September 6: Commissioner issued his Final Decision upholding the revocation of
teaching certificate.


(5) September 26: Alex, pro se, filed an instrument styled a Motion for Rehearing.


(6) November 4: Commissioner issued his Final Decision upholding termination of
employment.


(7) December 10: Alex, represented by an attorney, filed an original petition in district
court challenging both of the Commissioner's decisions.


BISD filed a "motion for summary judgment" requesting that the appeal of the termination case be
dismissed for lack of jurisdiction because no motion for rehearing was filed within twenty days after the
Commissioner's final decision. The district court granted the motion and signed an interlocutory order
dismissing the termination-of-employment case for lack of jurisdiction. (2) BISD then moved to have the
termination case severed from the revocation case and final judgment imposed. Alex filed a cost bond on
May 15, 1997. On May 29, the court signed an order severing the two actions and rendering a final
judgment in the termination case.


DISCUSSION In a single point of error, Alex contends the district court erred in concluding that his
premature motion for rehearing was insufficient to meet the procedural requirements for exhaustion of
administrative remedies. Alex further suggests that he should be afforded some leniency as to the timing
and contents of the motion because he was proceeding pro se when he filed the motion for rehearing. See
Gonzalez v. Texas Educ. Agency, 882 S.W.2d 526, 529 (Tex. App.--Austin 1994, no writ) (stating that
court understands difficulty faced by layperson representing himself in administrative proceeding). While
we understand the difficulty involved with pro se representation, there cannot be two sets of procedural
rules, one for litigants with counsel and the other for litigants representing themselves, because that would
give an unfair advantage over litigants represented by counsel. See Mansfield State Bank v. Cohn, 573
S.W.2d 181, 184-85 (Tex. 1978); Lin v. Houston Community College Sys., 948 S.W.2d 328, 336
(Tex. App.--Amarillo 1997, writ denied); Brown v. Texas Employment Comm'n, 801 S.W.2d 5, 8
(Tex. App.--Houston [14th Dist.] 1990, writ denied).

 The procedural requirements involved in filing a motion for rehearing and exhausting
administrative remedies are jurisdictional in nature. See Lindsay v. Sterling, 690 S.W.2d 560, 563 (Tex.
1985); Burke v. Central Educ. Agency, 725 S.W.2d 393, 396 (Tex. App.--Austin 1987, writ ref'd
n.r.e.). If a trial court lacks subject matter jurisdiction, it has no discretion and must dismiss the case. 
Qwest Microwave, Inc. v. Bedard, 756 S.W.2d 426, 440 (Tex. App.--Dallas 1988, orig. proceeding). 
When a court lacks subject matter jurisdiction, any ruling other than dismissal is fundamental error, which
must be noted and reviewed by the appellate court at any time it appears. See Texas Employment
Comm'n v. International Union of Elec., Radio & Mach. Workers, 352 S.W.2d 252, 253 (Tex. 1961).

 Except under circumstances not present here, a timely motion for rehearing is a prerequisite
to a suit for judicial review of a decision in a contested case. See Administrative Procedure Act, Tex.
Gov't Code Ann. § 2001.145(a) (West 1997) ("APA"). A motion for rehearing in a contested case must
be filed by a party not later than the 20th day after the date on which the party or the party's attorney of
record is notified as required by section 2001.142 of a decision or order that may become final under
section 2001.144. APA § 2001.146(a). BISD asserts that a prematurely filed motion for rehearing does
not satisfy that requirement.

 This Court has allowed a motion for rehearing filed prior to a final decision to be effective
under certain circumstances. See El Paso Elec. Co. v. Public Util. Comm'n, 715 S.W.2d 734, 738
(Tex. App.--Austin 1986, writ ref'd n.r.e.). In that case, we were guided primarily by three factors. First,
the Legislature looked to the Texas Rules of Civil Procedure (which allow for prematurely filed motions
for new trials in Tex. R. Civ. P. 306c) when establishing a mandatory motion for rehearing in APTRA. (3) 
Id. Second, courts look to civil practice rules and case law relating to motions for new trial in attempting
to interpret procedural rules covered by APTRA. Id. Finally, and particularly notable in the present case,
the motion in question completely apprised the agency of the error claimed, allowing the agency an
opportunity to correct the error or prepare to defend it. Id.

 Under other circumstances, this Court has disallowed a "motion for rehearing" filed prior
to the final decision. See Ross v. Texas Catastrophe Property Ins. Ass'n, 770 S.W.2d 641 (Tex.
App.--Austin 1989, no writ). In Ross, the State Board of Insurance issued its proposal for decision on
March 11, 1987, Ross filed "Special Exceptions to Proposed Order and Motion for Rehearing" on March
24, and the Board issued its final order on June 9. Id. at 642. The court found that the March 24 filing
complained only of the proposal for decision and therefore was not an adequate motion for rehearing as
to the Board's final order. Id. at 643. We distinguished Ross from El Paso Electric by pointing out that
the earlier decision specifically found El Paso Electric's premature filing to have adequately complained of
the final order itself. Id.

 In the present case, Alex's motion for rehearing was filed after the final order in the
revocation-of-teaching-certificate case, but before the final order in the termination-of-employment case. 
We conclude that the motion fails for two reasons. First, as to the termination-of-employment case, its
complaints are so general, vague, and indefinite that it fails completely as a motion for rehearing in that case. 
A motion for rehearing must be sufficiently definite to apprise the regulatory agency of the error claimed
and to allow the agency opportunity to correct the error or prepare to defend it. Suburban Util. Corp.
v. Public Util. Comm'n, 652 S.W.2d 358, 364 (Tex. 1983); Dolenz v. Texas State Bd. of Med.
Examiners, 899 S.W.2d 809, 811 (Tex. App.--Austin 1995, no writ). To preserve error, the motion
for rehearing must state (1) the particular finding of fact, conclusion of law, ruling, or other action by the
agency which the complaining party asserts was error, and (2) the legal basis upon which the claim of error
rests. See Burke, 725 S.W.2d at 397. Beyond preservation of error, however, a motion for rehearing
may be so general, vague, and indefinite that it fails completely as a motion for rehearing; such a motion
does not confer jurisdiction on the district court. See Hamamcy v. Texas State Bd. of Med. Examiners,
900 S.W.2d 423, 425 (Tex. App.--Austin 1995, writ denied); Dolenz, 899 S.W.2d at 811-12.

 Here, even though the cover letter to the motion referenced both cases, the motion itself
relates almost exclusively to the revocation case. The motion begins with the statement, "I believe the ruling
revoking my Texas Teaching Certificate based on the evidence is outrageous and I respectfully request a
motion for a rehearing in the interest of fairness and justice." The wording of the rest of the motion is in
general and sometimes rambling terms, claiming a long history of racial discrimination by BISD and
retaliation for Alex's testimony in an earlier discrimination suit brought by another teacher against BISD. 
Because the first paragraph clearly refers to the revocation case, and no other part of the motion refers to
any alleged error in the termination case, we hold that the motion fails completely as a motion for rehearing
in the termination case. See Hamamcy, 900 S.W.2d at 425; Dolenz, 899 S.W.2d at 811-12.

 Second, and independent of the foregoing, the motion fails to complain of the final order
in the termination case with sufficient clarity to bring it within the principle announced in El Paso Electric
for recognition of a prematurely filed motion for rehearing. We overrule Alex's point of error.

 Because we overrule Alex's point of error, we need not address BISD's cross-point,
which contends that Alex's filing of the cost bond was premature and thereby ineffective.


CONCLUSION

 Because Alex's motion for rehearing was wholly insufficient, the trial court did not have
jurisdiction to review the agency's final decision on Alex's termination. Therefore, we affirm the trial court's
dismissal for lack of jurisdiction.



 J. Woodfin Jones, Justice

Before Chief Justice Carroll, Justices Jones and Kidd

Affirmed

Filed: December 11, 1997

Do Not Publish
1. Because BISD initiated its action against Alex prior to January 1, 1996, this case is governed by the
Texas Education Code as it existed on January 1, 1995. See Act of May 27, 1995, 74th Leg., R.S., ch.
260, § 64(b), 1995 Tex. Gen. Laws 2207, 2500.
2. Along with the dismissal for lack of jurisdiction, the judgment also ordered that Alex "take nothing." 
A judgment reciting that the plaintiff take nothing is a ruling on the merits. Because the court had no
jurisdiction, it was without power to decide the merits of the case, and any attempt to do so was void. We
will regard that portion of the judgment as surplusage.
3. El Paso Electric was decided before the recodification of APTRA into the APA. However, the
recodification did not substantively change the law. Gonzalez v. Texas Educ. Agency, 882 S.W.2d 526,
527 n.4 (Tex. App.--Austin 1994, no writ).



ve adequately complained of
the final order itself. Id.

 In the present case, Alex's motion for rehearing was filed after the final order in the
revocation-of-teaching-certificate case, but before the final order in the termination-of-employment case. 
We conclude that the motion fails for two reasons. First, as to the termination-of-employment case, its
complaints are so general, vague, and indefinite that it fails completely as a motion for rehearing in that case. 
A motion for rehearing must be sufficiently definite to apprise the regulatory agency of the error claimed
and to allow the agency opportunity to correct the error or prepare to defend it. Suburban Util. Corp.
v. Public Util. Comm'n, 652 S.W.2d 358, 364 (Tex. 1983); Dolenz v. Texas State Bd. of Med.
Examiners, 899 S.W.2d 809, 811 (Tex. App.--Austin 1995, no writ). To preserve error, the motion
for rehearing must state (1) the particular finding of fact, conclusion of law, ruling, or other action by the
agency which the complaining party asserts was error, and (2) the legal basis upon which the claim of error
rests. See Burke, 725 S.W.2d at 397. Beyond preservation of error, however, a motion for rehearing
may be so general, vague, and indefinite that it fails completely as a motion for rehearing; such a motion
does not confer jurisdiction on the district court. See Hamamcy v. Texas State Bd. of Med. Examiners,
900 S.W.2d 423, 425 (Tex. App.--Austin 1995, writ denied); Dolenz, 899 S.W.2d at 811-12.

 Here, even though the cover letter to the motion referenced both cases, the motion itself
relates almost exclusively to the revocation case. The motion begins with the statement, "I believe the ruling
revoking my Texas Teaching Certificate based on the evidence is outrageous and I respectfully request a
motion for a rehearing in the interest of fairness and justice." The wording of the rest of the motion is in
general and sometimes rambling terms, claiming a long history of racial discrimination by BISD and
retaliation for Alex's testimony in an earlier discrimination suit brought by another teacher against BISD. 
Because the first paragraph clearly refers to the revocation case, and no other part of the motion refers to
any alleged error in the termination case, we hold that the motion fails completely as a motion for rehearing
in the termination case. See Hamamcy, 900 S.W.2d at 425; Dolenz, 899 S.W.2d at 811-12.

 Second, and independent of the foregoing, the motion fails to complain of the final order
in the termination case with sufficient clarity to bring it within the principle announced in El Paso Electric
for recognition of a prematurely filed motion for rehearing. We overrule Alex's point of error.

 Because we overrule Alex's point of error, we need not address BISD's cross-point,
which contends that Alex's filing of the cost bond was premature and thereby ineffective.


CONCLUSION

 Because Alex's motion for rehearing was wholly insufficient, the trial court did not have
jurisdiction to review the agency's final decision on Alex's termination. Therefore, we affirm the trial court's
dismissal for lack of jurisdiction.



 J. Woodfin Jones, Justice

Before Chief Justice Carroll, Justices Jones and Kidd

Affirmed

Filed: December 11, 1997

Do Not Publish
1. Because BISD initiated its action against Alex prior to January 1, 1996, this case is governed by the
Texas Education Code as it existed on January 1, 1995. See Act of May 27, 1995, 74th Leg., R.S., ch.
260, § 64(b), 1995 Tex. Gen. Laws 2207, 2500.
2. Along with the dismissal for lack of jurisdiction, the judgment also ordered that Alex "take nothing." 
A judgment reciting that the plaintiff take nothing is a ruling on the merits. Because the court had no
jurisdiction, it was without power to decide the merits of the case, and any attempt to do so was void. We
will regard that portion of the judgment as surplusage.
3. El Paso Electric was decided before the recodification of APTRA into the APA. However, the
recodification did not substantively change the law. Gonzalez v. Texas Educ. Ag