**BANDERA DOWNS, INC. and Toby Keeton, Appellants,**

v.

**Jesus Maria ALVAREZ d/b/a JA Cattle Company, Appellee.**

**No. 04–91–00700–CV.**

Court of Appeals of Texas, San Antonio.

Feb. 5, 1992.

Karen H. Norris, Gilbert Vara, Jr., Davidson, Troilo & Booth, P.C., San Antonio, Rubio Salinas, Jr., Law Offices of Oscar Palacios, Pharr, for appellants.

Jesus M. Alvarez, Alvarez & Alvarez, P.C., Romero Molina, Law Office of Romero Molina, Rio Grande City, for appellee.

Before BUTTS, PEEPLES and BIERY, JJ.

## OPINION

PEEPLES, Justice.

Appellant Bandera Downs appeals from a temporary injunction forbidding it to pay the winners of a horse race. Appellee Alvarez (d/b/a JA Cattle Company), whose horse was disqualified by the racetrack steward, obtained the injunction before giving the Texas Racing Commission a chance to hear his complaint. We hold that because Alvarez did not exhaust his administrative remedies the trial court had no jurisdiction to grant injunctive relief.

The Texas Racing Commission's steward at the Bandera Downs race track disqualified a horse owned by Alvarez from a

qualifying race because the horse's trainer was found with an unlabeled controlled substance in his possession at the track. Several days later, Alvarez complained to the Texas Racing Commission that Bandera Downs refused to return his entry fee. In his complaint before the racing commission, he did not challenge the steward's decision scratching his horse from the race. Instead he sought and obtained a court order temporarily restraining Bandera Downs from proceeding with the final race. Bandera Downs held the race anyway, and Alvarez then obtained an injunction prohibiting it from distributing the purse to the winners. Alvarez also sought actual and exemplary damages. The trial court temporarily enjoined Bandera Downs from disbursing the winnings.

■ Bandera Downs argues that the court lacked jurisdiction to grant the injunction because Alvarez did not exhaust his administrative remedies before the racing commission. Ordinarily an aggrieved party must exhaust all available administrative remedies and obtain a final agency order before seeking judicial relief. *See City of Sherman v. Public Util. Comm'n,* 643 S.W.2d 681, 683 (Tex.1983); *Glen Oaks Util., Inc. v. City of Houston,* 161 Tex. 417, 340 S.W.2d 783, 785 (1960); *Sun Oil Co. v. Railroad Comm'n,* 158 Tex. 292, 311 S.W.2d 235, 237 (1958). Both the Administrative Procedure and Texas Register Act (APTRA) and the Texas Racing Commission's rules codify this principle. APTRA provides, "A person who has exhausted all administrative remedies available within the agency and who is aggrieved by a final decision in a contested case is entitled to judicial review under this Act." TEX.REV. CIV.STAT.ANN. art. 6252–13a, § 19(a) (Vernon Supp.1992). The Texas Racing Commission's rules also require exhaustion: "In accordance with [APTRA], a person who is aggrieved by an order of the [racing] commission and who has exhausted all administrative remedies is entitled to judicial review." Texas Racing Comm'n, 16 TEX.ADMIN.CODE § 307.7 (West Supp. June 25, 1991) (rules of Texas Racing Commission). It is undisputed that Alvarez has not exhausted his administrative remedies and that there is not yet an agency order.

■ Alvarez urges that exhaustion is not necessary in this dispute because he would suffer irreparable harm if he had to wait for the racing commission to act. It is true that exhaustion is not required when the agency has no authority to grant effective relief and the applicant would be irreparably harmed. "Parties are not required to pursue the administrative process regardless of the price. If irreparable harm will be suffered and if the agency is unable to provide relief, the courts may properly exercise their jurisdiction in order to provide an adequate remedy." *Houston Federation of Teachers, Local 2415 v. Houston Indep. School Dist.,* 730 S.W.2d 644, 646 (Tex.1987).

■ But the *Houston Federation* exception to the exhaustion requirement does not apply because the racing commission has the power to protect those in Alvarez's position. The commission may modify a penalty imposed by a steward, and its executive secretary is empowered to issue a temporary stay of a steward's order. 16 TEX.ADMIN.CODE §§ 307.207, 307.263(a). In contrast, as the court said of the agency before it in *Houston Federation,* "The Commissioner of Education is not authorized to order immediate injunctive relief." 730 S.W.2d at 646. Similarly, in *Pasadena Indep. School Dist. v. Emmons,* 586 S.W.2d 151, 152 (Tex.Civ.App.—Houston [1st Dist.] 1979, writ dism'd), the court did not require exhaustion because the agency had no power to issue an injunction or stay order. We think that the authority to issue a stay order—a power expressly given to the racing commission's executive secretary—distinguishes this case from *Houston Federation.*

■ Unless exhaustion is excused, a trial court has no jurisdiction to act when administrative remedies have not been exhausted. *See Lindsay v. Sterling,* 690 S.W.2d 560, 563–64 (Tex.1985) (exhaustion is a jurisdictional prerequisite to judicial review that cannot be waived). We hold that because Alvarez did not exhaust his administrative remedies before the racing commission, the trial court had no jurisdiction to grant the temporary restraining order enjoining holding the race or the tem-

**322**

porary injunction enjoining paying the winners.

Alvarez argues that we must give deference to the trial court's findings of fact. But the facts underlying his dispute with Bandera Downs do not matter. Nor do findings about the propriety of equitable relief (such as irreparable harm, lack of adequate legal remedy, probable injury, and preservation of status quo) avoid the exhaustion requirement or give the trial court power to act. The exhaustion requirement deals with *when* a court may interrupt the administrative process before it has been given a chance to operate. "The doctrine of exhaustion of remedies concerns the *timing* of judicial review of agency actions and the efficient and orderly administration of justice." John L. Hill & David C. Kent, *Administrative Law, Annual Survey of Texas Law,* 37 Sw. L.J. 355, 361 (1983) (emphasis added). We also note that to permit original judicial action without giving the agency a chance to act would make meaningless the substantial-evidence review standard of the racing commission rules. *See* 16 TEX.ADMIN.CODE § 307.7 (specifying judicial review pursuant to APTRA § 19); TEX.REV.CIV.STAT.ANN. art. 6252–13a, § 19(e) (Vernon Supp.1992) (when law does not define scope of review, substantial-evidence standard applies).

 Alvarez filed a motion for contempt against Bandera Downs for its violation of the temporary restraining order prohibiting the track from holding the final race. That motion is before us because our jurisdiction over the underlying order has been invoked. *See Ex Parte Boniface,* 650 S.W.2d 776 (Tex.1983). Because the court lacked jurisdiction to grant the restraining order, Bandera Downs and its agents cannot be held in contempt for violating it. *See Ex parte Olivares,* 662 S.W.2d 594, 595 (Tex.1983); *Ex Parte Barnett,* 600 S.W.2d 252, 254–55 (Tex.1980).

We dissolve the temporary injunction and order Alvarez's claim for injunctive relief dismissed for lack of jurisdiction.