# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-15-00349-CV

**Shamrock Psychiatric Clinic, P.A., Appellant**

**v.**

**Texas Health and Human Services Commission; Charles Smith, Executive Commissioner of the Texas Health and Human Services Commission; and Stuart W. Bowen, Jr., Inspector General for the Texas Health and Human Services Commission Office of Inspector General, Appellees[1]**

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 126TH JUDICIAL DISTRICT NO. D-1-GN-14-001833, HONORABLE ORLINDA NARANJO, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

Shamrock Psychiatric Clinic, P.A., a Medicaid provider, sued the Texas Health and Human Services Commission (HHSC); its Executive Commissioner, Charles Smith; and Stuart W. Bowen, Jr., Inspector General for the HHSC Office of Inspector General (OIG), (collectively, the State) in Travis County district court seeking, among other relief, a writ of mandamus to compel an administrative hearing on the OIG's decision to recoup an alleged overpayment of Medicaid reimbursements. *See* Tex. Gov't Code § 531.1201(a) (governing appeal of HHSC's or OIG's

---

[1] This appeal was originally filed in the names of the predecessors to the present Executive Commissioner of HHSC and Inspector General for the OIG. The current holders of those offices have been automatically substituted as appellees pursuant to Rule 7.2 of the Texas Rules of Appellate Procedure.

determination to recoup overpayment or debt from Medicaid Provider).[2]  The State filed a plea to the jurisdiction asserting that all of Shamrock's claims were barred by sovereign immunity.  After a hearing, the trial court granted the plea and dismissed Shamrock's case for lack of subject-matter jurisdiction.  In one issue, Shamrock asserts that the trial court erred by dismissing its request for a writ of mandamus ordering the State to provide Shamrock with an administrative hearing on the overpayment issue.  We will affirm.

## BACKGROUND

### *Statutory Framework for Payment Holds and Recoupment of Overpayment*

HHSC is the state agency designated to administer the Texas Medicaid Program.  *See* Tex. Gov't Code § 531.021(a).  Through its OIG, HHSC is responsible for investigating fraud and abuse and enforcing state laws related to the Medicaid program.  *Id.*  Texas law commands OIG to impose, without prior notice, a "payment hold" on Medicaid reimbursements to a Medicaid provider upon the determination of the existence of a credible allegation of fraud by the provider under the state Medicaid program.  *Id.* § 531.102(g).  A Medicaid provider subject to such a hold may request an expedited administrative hearing before the State Office of Administrative Hearings (SOAH) regarding the hold.  *Id.* § 531.102(g)(3).  The provider must request an expedited administrative hearing not later than the 30th day after the date the provider receives notice from the OIG.  *Id.*

---

[2]  Certain relevant provisions of Texas Government Code chapter 531, subchapter C, have been amended with an effective date of September 1, 2015.  *See* Act of May 30, 2015, 84th Leg., R.S., ch. 945, 2015 Tex. Gen. Laws 3304-16.  All citations in this opinion are to the version of the statute in effect at the relevant time period.

2

Texas law also provides that the OIG may seek to recover from a Medicaid provider an overpayment identified in a fraud or abuse investigation. *Id.* § 531.120. Upon receipt of written notice of the OIG's determination to recover an overpayment, a provider must request an appeal of that determination not later than the 15th day after receipt of such written notice. *Id.* § 531.1201(a) ("A provider must request an appeal under this section not later than the 15th day after the provider is notified that the commission or the commission's office of inspector general will seek to recover an overpayment or debt from the provider."). Section 531.1201 further provides:

> On receipt of a timely written request by a provider who is the subject of a recoupment of overpayment or recoupment of debt arising out of a fraud or abuse investigation, the [OIG] shall file a docketing request with [SOAH] or [the HHSC] appeals division, as requested by the provider, for an administrative hearing regarding the proposed recoupment amount and any associated damages or penalties. The [OIG] shall file the docketing request under this section not later than the 60th day after the date of the provider's request for an administrative hearing or not later than the 60th day after the completion of the informal resolution process, if applicable.

*Id.* The HHSC promulgated administrative rules setting forth the required contents of both the OIG's notice that it will seek an overpayment and the provider's request for a hearing. *See* 1 Tex. Admin. Code § 371.1711 (Tex. Health & Human Servs. Comm'n, Recoupment of Overpayments and Debts).[3] At the time period relevant to the events described in this appeal, section 371.1711(c) provided that the OIG's "final notice" of overpayment and notice of recoupment of debt include:

> (A) a description of the recoupment, including the amount of the identified final overpayment or debt;

---

[3] Citations to administrative rules in this opinion are to the version in effect at the relevant time period.

3

(B) the basis of the recoupment;

(C) the duration of the recoupment;

(D) the requirements of the person for repayment of the overpayment or debt; and

(E) a statement of the person's right to request a formal administrative appeal hearing regarding the recoupment.

*Id.* § 371.1711(c). With regard to the provider's request for an administrative appeal, the rule stated that "OIG must receive the written request for an appeal no later than the 15th calendar day after the date the person receives final notice." *Id.* The rule also provided that "a person may request an administrative appeal hearing after receipt of a final notice of recoupment in accordance with § 371.1615 of this subchapter (relating to Appeals)." *Id.* § 371.1711(d). At the relevant time period, Rule 371.1615 required that the OIG "must receive a written request for an administrative contested case no later than the 15th day after the date the person receives the final notice . . . ." *Id.* § 371.1615(a). The rule further required that a written request for an administrative contested hearing must:

(1) be sent by certified mail to the address specified in the notice letter;

(2) arrive at the address specified in the final notice of exclusion no later than 15 days after receipt by the person of the notice;

(3) include a statement as to the specific issues, finding, and/or legal authority in the notice letter with which the person disagrees;

(4) state the basis for the person's contention that the specific issues or findings and conclusions of OIG are incorrect; and

4

(5) be signed by the person or an attorney for the person. No other person or party may request an administrative contested case hearing for or on behalf of the subject of the sanction.

*Id.* § 371.1615(b). Thus, the administrative rules in effect at the relevant time period reflected the HHSC's interpretation of the statutory scheme to contemplate that the required "request" include certain specific information, be sent to the OIG by certified mail, and be made in response to the contents of the "final notice" sent by the OIG informing the provider of, among other things, the amount of the "identified final overpayment" and the basis for seeking to recoup that amount.[4]

***Background Facts***

On January 20, 2013, Shamrock received notice from OIG of a payment hold on its Medicaid reimbursements.[5] Shamrock made a written request for "an expedited informal review and an expedited administrative contested case hearing" on the payment hold. The payment hold contested case was docketed at SOAH on February 19, 2013. On September 17, 2013, counsel for OIG sent an email to Shamrock's counsel stating: "Here is what I propose. We send you the final notice of overpayment and we set the overpayment case at SOAH, which won't have a hearing date until Spring 2014, then we now [sic] can consolidate both case[s]."[6] Shamrock's counsel replied by

---

[4] Shamrock has not challenged the validity of any of the referenced rules.

[5] This chronology is derived from SOAH Order No. 11 in the docketed payment hold case. In its brief, Shamrock states that this order "sets out the undisputed factual and procedural history of this case," and that it "believes the SOAH Order contains all of the facts necessary to dispose of this appeal."

[6] The OIG had sent Shamrock a letter titled "Notice of Potential Overpayment" in February 2013. Thus, Shamrock was aware that the OIG was investigating whether it would seek to recover an overpayment.

email on October 4, informing OIG that he had discussed OIG's proposal to consolidate the payment hold and overpayment issues for a single hearing and stating: "Let's go ahead with the notice of overpayment, set it at SOAH, and consolidate both cases. Let me know when you receive this email and if I need to do anything." Counsel for OIG replied by email on October 7 and stated: "I will check with SOAH to see whether they want us to docket a separate case then consolidate or just file the overpayment case in the same case number as the payment hold (my preference). I believe we could be ready for a hearing on the overpayment issue in about 90 days." That day counsel for Shamrock responded with an email stating that he "may need more than 90 days for the hearing."

On October 9, counsel for OIG filed a status report in the payment hold contested case at SOAH stating:

> In addition to the payment hold, [OIG] is seeking recoupment of payments, which HHSC-OIG alleges [Shamrock] was not entitled to receive. [OIG's] authority to recoup those overpayments is codified under . . . Texas Government Code Chapter 531; Chapters 32 and 36 of the Texas Human Resources Code; and Texas Administrative Code Chapter 371, Subchapter G.
>
> Counsels for [OIG and Shamrock] have agreed to consolidate both the payment hold and the overpayment into one proceeding in the interest of judicial economy. Starting September 1, 2013, Petitioners have the option to have their overpayment hearing adjudicated in either Health and Human Services Commission Appeals Division or the State Office of Administrative hearings. Shamrock has opted to proceed to the overpayment hearing there at SOAH. At this point, without the court's objection, HHSC-OIG would like to simply file an amended pleading reflecting the consolidated issues.

At the parties' request, SOAH set a prehearing conference for October 28, 2013 to consider how to proceed with discovery pertaining to "the overpayment issues in light of the fact that the parties have agreed to consolidate the payment hold and overpayment issues into one proceeding." At the

6

prehearing conference the parties represented to SOAH that because the payment hold and overpayment issues were based on the same facts, consolidation would save time and expense. The parties then agreed to continue the contested case hearing from November 5-7, 2013 to five days in March 2014.

Shamrock received a "Final Notice of Overpayment" from OIG on December 2, 2013. The notice stated that OIG had determined that Shamrock had received an overpayment in the amount of $1,611,709.00 for the time period from February 1, 2007 through November 30, 2011. The notice stated: "To appeal this final sanction, you must file a written request for appeal which must be received by HHSC-OIG at the following address, no later than the 15th day after the date of receipt of this notice." The notice also included the following:

> The letter requesting an appeal hearing must contain a statement as to the specific issues, findings, and/or legal authority in the notice letter with which you disagree, and the basis for your contention that the specific issues or findings and conclusions are incorrect. The request for a formal administrative appeal must be signed by you or your attorney.
>
> **THIS SANCTION WILL BECOME FINAL AND UNAPPEALABLE UPON THE EXPIRATION OF 15 CALENDAR DAYS AFTER RECEIPT OF THE NOTICE OF FINAL SANCTION IF NO TIMELY REQUEST FOR APPEAL HAS BEEN RECEIVED BY HHSC-OIG.**

Shamrock filed a request for an administrative appeal of the "Final Notice of Overpayment" on January 2, 2014, well outside the 15-day time period for requesting an appeal under Texas Government Code section 531.1201(a). The next day, OIG filed a motion to dismiss the payment hold case that it had docketed at SOAH in February 2013. The motion stated: "HHSC-OIG is withdrawing its February 26, 2013, Complaint and Notice of Hearing filed with the State Office of Administrative

7

Hearings." OIG explained that because Shamrock did not timely appeal the "Final Notice of Overpayment," the payment hold issue was moot. In its response to the motion to dismiss, Shamrock asserted that the parties had agreed that the payment hold hearing would be consolidated with the overpayment hearing and that their agreement was verified by the parties at the October 28 prehearing conference. OIG responded that Shamrock had failed to timely make a written request for an appeal of the "Final Notice of Overpayment" as required by statute in order to have a right to an administrative appeal hearing. OIG argued that while the parties had agreed that consolidating the payment hold and overpayment issues in one hearing was practical, any such agreement did not relieve Shamrock of its obligation under section 531.1201(a) to make a timely written request for an appeal. OIG maintained that, because Shamrock did not timely request an appeal, the "Final Notice of Overpayment" had become final and unappealable.

After originally denying the motion to dismiss, the ALJ ultimately granted it, stating in its order:

> Based on the facts listed in the chronology, the ALJ recognizes that OIG asked Shamrock to consolidate the payment hold and recoupment issues, represented to SOAH that the parties had agreed to consolidate both issues into one proceeding in the interest of judicial economy, represented that it preferred to amend its payment hold pleading without getting another docket number, and asked for a continuance so that both issues could be heard together. Some months later, OIG sent formal notice of the recoupment to Shamrock. Shamrock did not file an appeal because it had relied on OIG's commitment to amend its pleadings and the ALJ had already set the hearing on both issues.
>
> However, even though Shamrock relied on OIG's representations to its detriment, the ALJ cannot proceed to a hearing. OIG has withdrawn the payment hold issue, and it has neither separately referred an overpayment claim to SOAH regarding Shamrock nor amended its pleadings to assert an overpayment claim. The ALJ does not have authority to require OIG to amend its pleading to assert an overpayment claim in this

8

cause.  As a result, there is no pending case for which the ALJ could receive evidence and issue a Proposal for Decision.  Therefore, the ALJ dismisses this case from SOAH's docket pursuant to 1 TAC § 155.503(c)(1).

Shamrock later filed the proceedings underlying this appeal in which it sought various declarations under the Uniform Declaratory Judgments Act, challenged the constitutionality of certain statutes and agency rules, and sought mandamus relief.  The State filed a plea to the jurisdiction, which the trial court granted after a hearing.  Shamrock then perfected this appeal arguing in one issue that the trial court erred by dismissing its request for a writ of mandamus ordering the OIG to docket the overpayment issue at SOAH and go forward with a contested case hearing on that issue.[7]

## DISCUSSION

"A writ of mandamus will issue to compel a public official to perform a ministerial act.  An act is ministerial when the law clearly spells out the duty to be performed by the official with sufficient certainty that nothing is left to the exercise of discretion."  *Anderson v. City of Seven*

---

[7] The specific mandamus relief Shamrock requested in its petition in the trial court was that the court order the Administrative Law Judge (ALJ) to hold a hearing on the overpayment issue. Shamrock alleged that "[b]ecause there is a valid 'Rule 11' agreement, the ALJ was duty-bound to enforce its provisions.  A writ of mandamus should issue if she fails to do so."  In this Court, however, Shamrock asserts that the trial court should have issued a writ of mandamus ordering the OIG to docket the overpayment claim at the State Office of Administrative Hearings (SOAH).  At the hearing on the plea to the jurisdiction, Shamrock argued principally that the OIG was bound to comply with an alleged "Rule 11" agreement in which, Shamrock contends, the OIG agreed to amend its petition in the docketed payment hold case to include its claim to recover an overpayment of Medicaid reimbursements.  Shamrock stated: "Shamrock seeks, Your Honor, a mandamus to enforce its Rule 11 Agreement to consolidate the payment hold and overpayment cases between the OIG and Shamrock, and for the OIG to docket the case it wrongfully dismissed."  We will address the appellate issue as framed by Shamrock in its brief to this Court; that is, whether the trial court erred by not issuing a writ of mandamus directing that the OIG docket the overpayment case at SOAH and thereby provide Shamrock with a hearing on the overpayment issue.

9

*Points*, 806 S.W.2d 791, 793 (Tex. 1991); *see also Community Health Choice, Inc. v. Hawkins*, 328 S.W.3d 10, 13 (Tex. App.—Austin 2010, pet. denied). If an action involves personal deliberation, decision, and judgment, it is discretionary; actions that require obedience to orders or the performance of a duty to which the actor has no choice are ministerial. *City of Lancaster v. Chambers*, 883 S.W.2d 650, 654 (Tex. 1994).

> Suits to require state officials to comply with statutory or constitutional provisions are not prohibited by sovereign immunity, even if a declaration to that effect compels the payment of money. To fall within this ultra vires exception, a suit must not complain of a government officer's exercise of discretion, but rather must allege, and ultimately prove, that the officer acted without legal authority or failed to perform a purely ministerial act.

*City of El Paso v. Heinrich*, 284 S.W.3d 366, 372 (Tex. 2009).

The dispositive issue in this appeal is whether the OIG had a ministerial duty to docket the overpayment case at issue at SOAH and proceed to a contested case hearing. The parties agree that such a ministerial duty arises, under certain conditions, from Texas Government Code section 531.1201(a), which provides:

> On receipt of a timely written request by a provider who is the subject of a recoupment of overpayment or recoupment of debt arising out of a fraud or abuse investigation, the office of inspector general *shall* file a docketing request with the State Office of Administrative Hearings or the Health and Human Services Commission appeals division, as requested by the provider, for an administrative hearing regarding the proposed recoupment amount and any associated damages or penalties.

Tex. Gov't Code § 531.1201(a) (emphasis added); *see also* 1 Tex. Admin. Code §§ 371.1711 (appeal of determination to recoup overpayment or debt), 371.1615 (contents of written notice of appeal).

10

The State argues that because Shamrock failed to make a timely written request for an appeal, a ministerial duty to file a docketing request with either SOAH or the HHSC appeals division did not arise. We agree. Shamrock did not file a written request including the content required by Rule 371.1615 until January 2, 2014, thirty-one days after receiving the "Final Notice of Overpayment."

On appeal, Shamrock argues that the emails it sent counsel for OIG on October 4 and October 7, along with the October 9 status report filed at SOAH by the OIG, constituted the written request for an appeal required by section 531.1201(a) and Rules 371.1711 and 371.1615. According to Shamrock, this email exchange occurred within 15 days of "the OIG's 10/2/13 e-mailed notice of an intent to seek recovery of an overpayment." The only email sent by OIG on October 2 was an email to Shamrock's counsel that stated:

> Good morning [counsel], I wanted to reach out to you and see if you were able to determine whether your client would prefer to go directly to the overpayment hearing. I also wanted to let you know that I am leaving OIG on the [sic] October 11, 2013. Steve Johnson, who I have cc'd here, is the litigation team leader here and will be assigning this case to another attorney asap. Thank you and I enjoyed working with you on this case.

This email cannot be read to constitute the OIG's statutory "final notice" of intent to seek recovery of an overpayment that triggered the 15-day time period for requesting an appeal under section 531.1201(a). This email wholly fails to comply with Rule 371.1711(c)(2), which requires that the "final notice" include both the amount of the recoupment and the basis for the recoupment. 1 Tex. Admin. Code § 371.1711(c). Additionally, Shamrock's responsive October 7 and October 9 emails fail to comply with the Rule 371.1615 content requirements of a written request for an administrative contested case hearing at SOAH. *Id.* § 371.1615. Instead, this email exchange is more reasonably

11

interpreted as an informal discussion of, and agreement regarding, the appropriate way to handle an appeal provided Shamrock invoked its right to one by timely providing written notice that it desired to appeal the final overpayment amount once OIG had sent Shamrock its final notice. In any event, these comments from OIG and Shamrock are not of the nature contemplated by Rule 371.1615.

Shamrock next argues that if the 15-day period for requesting a hearing did not begin until Shamrock received the "Final Notice of Overpayment" on December 2, Texas Rule of Civil Procedure 306c and Texas Rule of Appellate Procedure 27.2 apply to render its premature requests for a hearing timely. *See* Tex. R. App. P. 27.2 ("In a civil case, a prematurely filed notice of appeal is effective and deemed filed on the day of, but after, the event that begins the period for perfecting the appeal."); Tex. R. Civ. P. 306c (every motion for new trial shall be deemed to have been filed on date of but subsequent to signing of judgment motion assails). As an initial matter, we have held that the emails Shamrock relies on, even if timely, do not constitute a request for a hearing meeting the requirements of Rule 371.1615. Moreover, the statutory scheme and administrative rules contemplate that the request for an administrative hearing be in response to a "final notice" that informs the provider of the final amount of the overpayment and the basis for recouping the overpayment. The administrative rules evidence an intent that the request for an administrative hearing not precede, but rather follow, receipt of the OIG's "final notice."[8]

---

[8] We are also unpersuaded by Shamrock's attempt to analogize this case to *El Paso Electric Company v. Public Utility Commission*, 715 S.W.2d 734 (Tex. App.—Austin 1986, writ ref'd n.r.e.). In that case we held that, under "the specific facts and circumstances" of the case, a second motion for rehearing filed after the Public Utility Commission orally pronounced its decision on the first motion for rehearing but before it issued its written order, though prematurely filed, should be deemed filed on the date of the agency's order. *El Paso Electric*, 715 S.W.2d at 738. The facts of the present case are not analogous to those in *El Paso Electric*. In *El Paso Electric* the Court

12

In the alternative, Shamrock contends that the trial court should have granted mandamus relief and ordered the OIG to docket the overpayment case because the parties had a "Rule 11 Agreement" or "Rule 155.415 Agreement" that created a ministerial duty to do so. *See* Tex. R. Civ. P. 11 ("Unless otherwise provided by these rules, no agreement between attorneys or parties touching any suit pending will be enforced unless it be in writing, signed and filed with the papers as part of the record, or unless it be made in open court and entered of record."); 1 Tex. Admin. Code § 155.415 (State Office of Admin. Hearings, Party Agreements). Administrative rule 155.415 provides that:

> Unless otherwise provided in this chapter, no agreement between attorneys or parties regarding a contested case pending before SOAH will be enforced unless it is in

---

analogized a motion for rehearing of a final agency order to a motion for new trial after a trial court has rendered judgment. At issue here, however, is the notice required to trigger the right to a contested-case hearing before an ALJ. Also, unlike in *El Paso Electric*, there is no indication here that the Legislature borrowed from the Texas Rules of Civil Procedure when establishing the requirement that a Medicaid provider request an appeal of the OIG's proposed recoupment of an overpayment. Moreover, in *El Paso Electric*, the Court relied heavily on the fact that El Paso Electric Company had filed a motion for rehearing that completely apprised the agency of its alleged error such that the motion accomplished its intended effect, which was to allow the agency an opportunity to correct the alleged error or defend it. Consequently, the essential purpose of the motion for rehearing had been satisfied.

In the present case, the emails, which preceded the "Final Notice of Overpayment," do not purport to be, and as a practical matter could not constitute, a request for an appeal responsive to the contents of a "final notice" of overpayment. In fact, the record reflects that Shamrock itself did not, until after SOAH dismissed the docketed payment hold case, consider the referenced emails to be the written notice required by section 531.1201(a). Rather, on January 4, 2014, Shamrock's counsel sent SOAH and HHSC-OIG a letter, which stated: "Pursuant to *1 Tex. Admin. Code § 371.1615(d)*, please let this letter serve as our second formal written request for an appeal of this matter." (Emphasis in original.). Only after the docketed payment hold case was dismissed did Shamrock assert that the October 4 and October 7 emails and the October 9 status report filed by the OIG constituted the notice required by section 531.1201(a).

writing, signed, and filed with SOAH or entered on the record at the hearing or prehearing conference.

1 Tex. Admin. Code § 155.415. According to Shamrock, the parties had an agreement that the OIG would amend its pleadings to add the overpayment issue, and the ALJ had a ministerial duty to enforce that agreement. Shamrock argues that the OIG had the same ministerial duty because "SOAH judges operate only at the request of the agency that invokes them." Citing no authority, Shamrock contends that "the OIG has a ministerial duty to abide by the promises made to Shamrock and the SOAH judge."

Assuming that the parties in fact had an agreement that met the requirements of Rule 155.415, the existence of such an agreement does not create a ministerial duty that the agency perform the agreed upon action. Rather, Rule 155.415 simply states that no agreement between the parties "will be enforced" unless it is in writing, signed by the parties, and filed with SOAH. *Id.* While such an agreement might create a contractual obligation, the agency does not have a ministerial duty to perform the action agreed to. The only ministerial duty the OIG had with respect to the overpayment case was to docket a contested case at SOAH upon timely receipt of a written request by Shamrock. As previously discussed, Shamrock failed to make such a timely written request.

Finally, Shamrock asserts that mandamus was an appropriate remedy because the OIG could not deprive Shamrock of its right to an overpayment hearing by simply withdrawing its payment hold claim. Relying on an analogy to a non-suit under the Texas Rules of Civil Procedure, Shamrock asserts that the OIG's withdrawal of its payment hold could not affect Shamrock's "pending claims for affirmative relief." *See Texas Mut. Ins. v. Ledbetter*, 251 S.W.3d 31, 37 (Tex.

2008) (Texas Rule of Civil Procedure 162 prohibits dismissal by nonsuit if effect would be to prejudice any pending claim for affirmative relief). Assuming this analogy is apt, the affirmative relief Shamrock claims to be entitled to was the return of the money subject to the payment hold. Any entitlement to that relief disappeared, however, when Shamrock failed to make a timely written request for a hearing once it received notice that OIG intended to recoup an overpayment. At that time the claim for recoupment became final and created a debt in favor of the State of Texas. *See* 1 Tex. Admin. Code § 371.1617(b) (Tex. Health & Human Servs. Comm'n, Finality & Collections) (effect of final sanction resulting in recoupment is to create final debt in favor of State). The OIG was then permitted to use the funds accumulated during the payment hold to offset the overpayment. *See id.* § 371.1709(e)(2) (after payment hold is terminated for any reason OIG may retain funds accumulated during payment hold to offset any overpayment).[9] Although Shamrock complains that "[b]y withdrawing its payment hold claim but keeping the money, the OIG prevented Shamrock from getting any relief," the reason Shamrock did not receive a hearing on the overpayment case is because it failed to comply with its statutory obligation to make a timely written request for an appeal once it received the OIG's written notice that it would seek to recover an overpayment.

---

[9] Citing this Court's opinion in *Janek v. Harlingen Family Dentistry, P.C.*, Shamrock also asserts that the relief it was entitled to in the payment hold case was the return of the retained funds, and that the OIG had an obligation to do so. 451 S.W.3d 97, 99 (Tex. App.—Austin 2014, no pet.). In *Janek*, however, we concluded that the funds were required to be returned because, after a hearing on the merits, the ALJ found that the OIG failed to make a prima facie showing that there was relevant, credible, or reliable evidence of fraud authorizing it to impose a payment hold in the first place. *See id.* at 103 ("[U]nder both the Texas statute and the applicable federal regulation, any payment hold was temporary and had to end if credible evidence of fraud was found to be lacking."). Here, the OIG withdrew the payment hold once the overpayment claim became final. The *Janek* holding has no application to the facts and circumstances of this case.

15

Shamrock has not established that the HHSC or OIG had a ministerial duty to docket the overpayment case at SOAH, nor has it demonstrated the failure of a state official to perform any other ministerial duty. Shamrock's petition for a writ of mandamus was therefore barred by sovereign immunity, and the trial court properly granted the State's plea to the jurisdiction. We overrule Shamrock's sole appellate issue.

## CONCLUSION

Having overruled Shamrock's appellate issue, we affirm the trial court's order granting the plea to the jurisdiction.

_____

Scott K. Field, Justice

Before Chief Justice Rose, Justices Pemberton and Field

Affirmed

Filed: August 10, 2016